IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUGH L. STEWART,

       Plaintiff,               No. CIV S-03-0469 FCD KJM P

   vs.

BAXTER DUNN, et al.,

       Defendants.        FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a California civil detainee[1] proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983.  Defendants Dunn, San Joaquin County, Divinia, and Franks have filed a motion to dismiss or for summary judgment.  Plaintiff has filed an opposition; defendants have not replied.

I.  Statute of Limitations

      Defendants argue that some of plaintiff's claims are time-barred.  Mot. to Dismiss or for Summ. J. (Mot.) at 11:12-12:5.  Because § 1983 does not contain a statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions.  Johnson

---

[1] While it is not entirely clear, it appears plaintiff is being held under California's Sexually Violent Predator Act (SVPA), Cal. Welf. & Inst. Code § 6600 et seq., and is being housed in the San Joaquin County Jail for the duration of court proceedings related to plaintiff's commitment.  See Am. Compl. at 3; Mot. at 5:23-24.

1   v. California, 207 F.3d 650, 653 (9th Cir. 2000).  When not inconsistent with federal law, federal

2   courts also apply the law of the forum state regarding tolling.  Id.  Federal law controls the

3   question of when a claim accrues.  Id.  Under federal law, a claim accrues when plaintiff knew,

4   or should have known, of the injury that is the basis of his cause of action.  Id.

5          In his amended complaint, plaintiff asserts, in part, as follows:

6          On 7/29/00 I arrived at San Joaquin County Jail in a wheel chair
           and a cast on my right calf, caused by an accident, which caused a
7          torn tendon.  I was ordered by Officer Franks . . . to get out of the
           chair and walk.  I explained that I can not walk and that my doctor
8          ordered me not to get out of the chair.  Officer Franks left, but
           returned and stated that his Boss BAXTER DUNN ordered him
9          (Franks) to order me to get up and walk, even if he has to use force.
           I was surrounded by police officers who just stood there while I
10         hobbled, fell, then crawled to a holding cell, and was held in that
           cell for approximately 14 hours before I was sent to the Medical
11         part of the jail in a wheel chair. . .

12  Am. Compl. at 4 (capitalization in original).

13         In California, the limitations period applicable to this claim is one year.  Johnson,

14  207 F.3d at 653; Cal. Civ. Proc. Code § 340(3).[2]  Accordingly, absent any tolling of the

15  limitations period, this claim is time-barred as this action was not filed until March 10, 2003.

16         California statutory law does not provide for any tolling of the limitations period

17  with respect to plaintiff's claim.[3]  However, the Ninth Circuit recently has held that under

18  California law equitable tolling of the limitations period is warranted where a civil detainee, who

19  has been confined from the time his claims accrue until the time he files his federal lawsuit,

20  pursues his otherwise time-barred claims in good faith.  Jones, 393 F.3d at 927-30.  From the

21  _____

22         [2] On January 1, 2003, the California legislature increased the limitations period for these
    types of claims to two years.  Cal. Civ. Proc. Code § 335.1.  However, the one year limitations
23  period found in California Code of Civil Procedure § 340(3) is applicable to this claim because
    that limitations period would have run out before the new limitations period was enacted.  Wade
24  v. Ratella, 407 F. Supp. 2d 1196, 1203 (S.D. Cal. 2005).

25         [3] The court notes that California Code of Civil Procedure § 352.1(a) provides tolling for
    prisoners.  But this provision does not apply to cases brought by those such as plaintiff who are
26  civil detainees.  Jones v. Blanas, 393 F.3d 918, 927-28 (9th Cir. 2004), cert. denied sub nom.
    County of Sacramento v. Jones, ___ U.S. ___, 126 S. Ct. 351 (2005).

1 record before the court, it appears that plaintiff has pursued the above claim, and any other claim

2 in plaintiff's amended complaint that might otherwise be barred by the applicable limitations

3 period,[4] in good faith; defendants point to nothing suggesting plaintiff is acting in bad faith.

4 Therefore, the court should reject defendants' statute of limitations defense.

5 II.  Failure To Exhaust Administrative Remedies

6           Defendants argue that under Booth v. Churner, 532 U.S. 731 (2001), and the

7 Prison Litigation Reform Act (PLRA), see 42 U.S.C. § 1997e(a), plaintiff must exhaust all

8 administrative remedies available to him prior to filing suit and, with respect to the claims

9 brought in this action, plaintiff failed to do so.  Mot. at 12:6-27.  However, neither Booth nor 42

10 U.S.C. § 1997e(a) is applicable to plaintiff's claims because plaintiff is not a prisoner, but a civil

11 detainee.  Page v. Torrey, 201 F.3d 1136 (9th Cir. 2000).  Defendants' failure to exhaust

12 argument must be rejected.

13 III.  No Physical Injury

14           Defendants' third argument is that some of plaintiff's claims are barred by 42

15 U.S.C. § 1997e(e), which provides:

16                No Federal civil action may be brought by a prisoner confined in a
               jail, prison, or other correctional facility, for mental or emotional
17                injury suffered while in custody without a prior showing of
               physical injury.
18

19 See Mot. at 13:1-12.  Again, plaintiff is not a prisoner.  This provision of the PLRA does not

20 apply to plaintiff.  Page, 201 F.3d at 1139.

21 /////

22 /////

23 /////

24 /////

25 

26           [4]  The court understands all of plaintiff's claims to have accrued during his present term
of confinement.

IV.  Qualified Immunity

Defendants argue that they are entitled to immunity from plaintiff's Eighth Amendment claim based upon the doctrine of qualified immunity,[5] and also that plaintiff has failed to state a valid claim for relief under the Eighth Amendment.  Mot. at 13:13-15:4. However, in this court's May 3, 2005 order issued in part under 28 U.S.C. 1915(e)(2), the court informed the parties that this action is proceeding only on claims arising under the Fourteenth Amendment.  This is because plaintiff is not a prisoner and "the Eighth Amendment is not the proper vehicle to challenge the conditions of civil commitment."  Hydrick v. Hunter, 449 F.3d 978, 997-98 (9th Cir. 2006).

V.  Respondeat Superior

Defendants argue that Dunn and San Joaquin County should be dismissed because there is no respondeat superior liability in section 1983 actions.[6]

A municipality cannot be held liable under 42 U.S.C. § 1983 based upon a theory of respondeat superior.  Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978).  Rather, a municipality can be held liable under § 1983 only if some official policy adopted by the municipality resulted in a violation of constitutional rights.  Id.

In his amended complaint, plaintiff fails to make any specific allegations with respect to San Joaquin County; he simply names that entity as a defendant.  Also, in plaintiff's opposition to defendants' motion, plaintiff fails to make any argument with respect to San Joaquin County.  In resolving this aspect of defendants' motion, the court proceeds under Federal Rule of Civil Procedure 56.  See Fed. R. Civ. P. 12(b).

___

[5] Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

[6] Oddly, defendants also ask that the San Joaquin County Jail be dismissed from this action while acknowledging that the jail is not named as a defendant in plaintiff's amended complaint.  Mot. at 17:7-18.

1        Summary judgment is appropriate when it is demonstrated that there exists "no

2   genuine issue as to any material fact and that the moving party is entitled to a judgment as a

3   matter of law." Fed. R. Civ. P. 56(c).

4        Under summary judgment practice, the moving party

5        always bears the initial responsibility of informing the district court
of the basis for its motion, and identifying those portions of "the

6        pleadings, depositions, answers to interrogatories, and admissions
on file, together with the affidavits, if any," which it believes

7        demonstrate the absence of a genuine issue of material fact.

8   Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the

9   nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

10  judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers

11  to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered,

12  after adequate time for discovery and upon motion, against a party who fails to make a showing

13  sufficient to establish the existence of an element essential to that party's case, and on which that

14  party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof

15  concerning an essential element of the nonmoving party's case necessarily renders all other facts

16  immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as

17  whatever is before the district court demonstrates that the standard for entry of summary

18  judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

19        If the moving party meets its initial responsibility, the burden then shifts to the

20  opposing party to establish that a genuine issue as to any material fact actually does exist. See

21  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to

22  establish the existence of this factual dispute, the opposing party may not rely upon the

23  allegations or denials of its pleadings but is required to tender evidence of specific facts in the

24  form of affidavits, and/or admissible discovery material, in support of its contention that the

25  dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party

26  must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

1  of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

2  (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

3  1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

4  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,

5  1436 (9th Cir. 1987).

6        In the endeavor to establish the existence of a factual dispute, the opposing party

7  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

8  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

9  versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

10  judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

11  genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

12  committee's note on 1963 amendments).

13        In resolving a summary judgment motion, the court examines the pleadings,

14  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

15  any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

16  477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

17  court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.

18  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

19  produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

20  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

21  1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

22  show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

23  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

24  'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

25        On September 23, 2005, the court advised plaintiff of the requirements for

26  opposing a motion under Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland,

1    154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999); Klingele v.

2    Eikenberry, 849 F.2d 409 (9th Cir. 1988).

3            Plaintiff has had the opportunity to respond to defendants' motion, styled in the

4    alternative as a motion for summary judgment.  Plaintiff's response consists of a nine page,

5    unverified memorandum and a verified response to a declaration submitted by defendants.  The

6    response to the declaration contains no evidence with respect to any offending San Joaquin

7    County policy.

8            Because plaintiff fails to present anything suggesting that there is a genuine issue

9    of material fact with respect to whether San Joaquin County instituted a policy that resulted in

10   plaintiff's constitutional rights being violated, the court will recommend that defendants be

11   granted summary judgment with respect to plaintiff's claims against San Joaquin County.

12           With respect to plaintiff's claims against defendant Dunn, the former Sheriff of

13   San Joaquin County, there can be no liability under 42 U.S.C. § 1983 unless there is some

14   affirmative link or connection between his actions and the claimed deprivation of plaintiff's

15   constitutional rights.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

16   (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory

17   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

18   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

19           The complaint, which is verified, states that Dunn personally ordered that plaintiff

20   be made to get out of his wheelchair and walk; this is sufficient to state a claim for relief against

21   defendant Dunn for a violation of plaintiff's rights arising under the Fourteenth Amendment as

22   the allegations, if true, would amount to an objectively unreasonable use of force.  Hydrick, 449

23   F.3d at 1000.

24           Elsewhere in the complaint, plaintiff alleges generally that defendant Dunn

25   subjected plaintiff to conditions of confinement in the San Joaquin County Jail that are

26   unconstitutional considering plaintiff is a civil detainee and not a convicted criminal.  Am.

1  Compl. at 3-4.  Plaintiff fails to assert, however, that any of the conditions he endured while

2  housed at the San Joaquin County Jail, except for Dunn's order that plaintiff rise from his

3  wheelchair, were attributable to Dunn.  In his opposition to defendants' motion, plaintiff also

4  fails to specify any conditions of his confinement, except for the wheelchair incident, that were

5  attributable to defendant Dunn.  For these reasons, this court will recommend that defendants be

6  granted summary judgment with respect to all of plaintiff's claims against defendant Dunn

7  except for the claim related to the wheelchair incident occurring on July 29, 2000.

8         In accordance with the above, IT IS HEREBY RECOMMENDED that:

9         1.  Defendants' December 20, 2005 motion to dismiss or for summary judgment

10  be granted in part and denied in part as follows:

11              A.  Granted as to plaintiff's claims against San Joaquin County, thereby

12                  dismissing San Joaquin County from this action;

13              B.  Granted as to plaintiff's claims against defendant Dunn except for

14                  plaintiff's claim that Dunn violated plaintiff's Fourteenth Amendment

15                  rights by ordering that plaintiff be made to get up from his wheelchair on

16                  July 29, 2000; and

17              C.  Denied in all other respects.

18         2.  Defendants Dunn, Franks and Divinia be ordered to file their answer within

19  twenty days of any order adopting the foregoing findings and recommendations.

20         These findings and recommendations are submitted to the United States District

21  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

22  days after being served with these findings and recommendations, any party may file written

23  objections with the court and serve a copy on all parties.  Such a document should be captioned

24  /////

25  /////

26  /////

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

2  shall be served and filed within ten days after service of the objections.  The parties are advised

3  that failure to file objections within the specified time may waive the right to appeal the District

4  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5  DATED:  August 7, 2006.

6

7  _____

8  UNITED STATES MAGISTRATE JUDGE

9

10  1
   stew0469.57

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26