IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUGH L. STEWART,

    Plaintiff,                      No. CIV S-03-0469 FCD KJM P

    vs.

BAXTER DUNN, et al.,

    Defendants.                <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a civil detainee proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendant Dunn is the former Sheriff of San Joaquin County. Defendants Franks and Acayan are current or former employees of the San Joaquin County Sheriff's Department. This action is currently proceeding on plaintiff's Fourteenth Amendment claims against defendants. Defendants' motion for summary judgment is before the court.

I. <u>Summary Judgment Standards</u>

        Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

/////

/////

1

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On September 23, 2005, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

/////

## II. Factual Background

At all times relevant to the pending motion, plaintiff was subject to civil commitment under California's Sexually Violent Predators Act. In his amended complaint, which is verified, plaintiff makes the following representations in support of his remaining Fourteenth Amendment claims against defendants Dunn and Franks:

> On 7/29/00 I arrived at San Joaquin County Jail in a wheel chair and a cast on my right calf, caused by an accident, which caused a torn tendon. I was ordered by Officer Franks (Complaint filed) to get out of the chair and walk. I explained that I can not walk and that my doctor ordered me not to get out of the chair. Officer Franks left, but returned and stated that his Boss BAXTER DUNN ordered him (Franks) to order me to get up and walk, even if he has to use force. I was surrounded by police officers who just stood there while I hobbled, fell, then crawled to a holding cell, and was held in that cell for Approximately 14 hours before I was sent to the Medical part of the jail in a wheel chair. . .

Am. Compl. at 4 (verbatim transcription). Plaintiff admits in his verified opposition to defendants' motion, that he never actually had a wheelchair while housed inside the San Joaquin County Jail in July 2000. Pl.'s Objections to Defs.' Mot. For Summ. J. (Opp'n) at 4-5. Rather, it appears he arrived in a wheelchair provided by the medical transport service that delivered him, and the wheelchair was then not allowed into the jail. Id.

Defendants present the following facts, none of which plaintiff disputes:

1) Plaintiff arrived from Atascadero State Hospital in the evening on July 29, 2000. Decl. of Brian Franks (Franks Decl.) ¶ 5.

2) Plaintiff was placed in a private cell in the booking area. Id. ¶ 6.

3) Later, plaintiff walked to the medical examination room for a "pre-booking medical exam" with Nurse Terry Jorgensen. This was a short walk. Id. The examination took place around 5:30 a.m. Decl. of Terry Jorgensen (Jorgensen Decl.), Ex. A.

4) After plaintiff told defendant Franks he could not walk back to his cell, defendant Franks spoke with Nurse Jorgensen who informed Franks that plaintiff could walk. Franks Decl. ¶ 8.

4

1　　　　　　5) Plaintiff's private cell was only a few feet away from the area where plaintiff

2　was sitting when defendant Franks told plaintiff to walk to his cell. Id. ¶ 7.

3　　　　　　6) Plaintiff did not receive medical attention on July 29, 2000 for a fall.

4　Jorgensen Decl. ¶ 12; Opp'n at 6.

5　　　A.　　Defendant Franks

6　　　　　　In his opposition to defendants' motion, which also is verified, plaintiff asserts he

7　was in pain as a result of his falling after being ordered by defendant Franks to walk, Opp'n at 4,

8　and was not provided with medical attention. Id. at 6. In drawing all reasonable inferences in

9　favor of plaintiff, as required, the court infers there is a genuine issue of material fact as to

10　whether defendant Franks was aware plaintiff was in pain after he fell, assuming he did, and after

11　plaintiff arrived at his cell. This inference is based on plaintiff's assertion that defendant

12　watched plaintiff fall and then crawl to his cell, and that if plaintiff had not been in pain, he

13　would have walked. Id. at 4, 6-7; see also Am. Compl. at 4. Although Franks says that plaintiff

14　did not fall down, Franks Decl. ¶ 9, his declaration to this effect is not sufficient to prevail on

15　summary judgment, given the totality of the record before the court. Cf. State of California ex

16　rel. California Department of Toxic Substances Control v. Campbell, 319 F.3d 1161, 1166 (9th

17　Cir. 2003).

18　　　　　　In Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004), the Ninth Circuit clarified the

19　standard under which courts must analyze claims arising under the Fourteenth Amendment

20　brought by civil detainees. Generally, civil detainees are entitled to conditions of confinement

21　that are not punitive. Id. at 933. Something is punitive when it is intended to punish, is

22　excessive in relation to its non-punitive purpose, or is employed to achieve objectives that could

23　be accomplished "in so many alternative and less harsh methods." Id. at 933-34.

24　　　　　　In light of the foregoing, there are genuine issues of fact as to the following:

25　　　　　　1) Whether defendant Franks failed to obtain medical care for plaintiff after he

26　fell, if he did, causing plaintiff to suffer pain;

2) Whether defendant Franks ordered plaintiff to crawl to his cell causing plaintiff pain; and

3) Whether defendant Franks failed to obtain medical care for plaintiff after he arrived in his cell, with the result that plaintiff suffered pain.

If the answer is in the affirmative to any one or all of these propositions, a reasonable jury could find that defendant Franks' actions were excessive in relation to a non-punitive purpose. On the present record, he is not entitled to summary judgment.

Defendants do argue defendant Franks should be immune from suit under the doctrine of qualified immunity. Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Saucier v. Katz, 533 U.S. 194, 201 (2001) (identifying two-prong analysis); Pearson v. Callahan, __ U.S. __, 129 S. Ct. 808 (2009) (determining that analysis does not necessarily need to follow two steps in order). In support of their qualified immunity argument, defendants rely on the same facts they argue support summary judgment for Franks. As discussed above, those facts have not been established decisively in Franks' favor at this stage of litigation. Regarding the rights plaintiff alleges were infringed, and whether they were clearly established such that Franks would have known of the rights as of the time of the underlying incident in July 2000, since 1982 the law has been clear that civil detainees enjoy substantive due process rights, including access to appropriate medical care and the right to safe living conditions. Youngberg v. Romeo, 457 U.S. 307 (1982).

Defendants have not met their burden of establishing Franks' entitlement to summary judgment based on the doctrine of qualified immunity.

B. Defendant Dunn

Defendant Dunn, in contrast, is entitled to summary judgment. The only evidence plaintiff provides that Dunn was involved in any aspect of this case is his own testimony based

on something he says defendant Franks said to him: that Dunn told Franks to order plaintiff to get up and walk "even if he had to use force." Am. Compl. at 4. Plaintiff's evidence is classic hearsay and is not admissible under any exception. See Fed. R. Evid. 801-807. Furthermore, defendant Dunn has provided his own declaration indicating he had no involvement in the matters at issue. See Decl. of Baxter Dunn. Finally, the record shows the incidents alleged occurred sometime after 11:00 p.m. See Decl. of Teri Jorgensen ¶ 3. In the context of the other evidence of record, to infer that Sheriff Dunn was actually consulted personally at that time concerning the matters related to plaintiff's allegations would not be reasonable. For these reasons, defendant Dunn should be granted summary judgment.

  C. <u>Defendant Acayan</u>

  With respect to defendant Divinia Acayan, plaintiff alleges as follows:

> Recently, On 2/16/03 (Complaint filed) I was told by Nurse (DIVINIA) Not licensed that I had to have a T.B. shot. I asked her to look in my Medical Records, because I had just had one. She came back (2) two day's later and said she did not have to look at my records and that if I didn't take the shot I would have to be forced and taken to the hole. . .

Am. Compl. at 4 (verbatim transcription).

  In his opposition to defendants' motion for summary judgment, plaintiff clarifies that he believes his Fourteenth Amendment rights were violated by defendant Acayan because she unnecessarily exposed him to tuberculosis by performing a tuberculosis test on plaintiff despite his informing her he had had a tuberculosis test shortly before his arrival at the San Joaquin County Jail. Opp'n at 16. Defendants do not present any evidence suggesting plaintiff did not tell defendant Acayan he had recently had a tuberculosis test at a different institution or that repeated tuberculosis testing exposes the person being tested to tuberculosis. Thus, there is evidence before the court that defendant Acayan's testing of plaintiff for tuberculosis was excessive in relation to a legitimate non-punitive purpose. Plaintiff has presented facts upon which a finding of a denial of plaintiff's Fourteenth Amendment rights could be based.

7

Defendants, however, are correct that defendant Acayan is entitled to immunity from plaintiff's claim. No federal law decided at the time of plaintiff's interaction with defendant Acayan put Acayan on notice that by administering a tuberculosis test to plaintiff shortly after his arrival at the San Joaquin County Jail, after having been informed by plaintiff that he had had a tuberculosis test shortly before his arrival, she would be violating his Fourteenth Amendment rights and subjecting him to punitive conditions of confinement. Cf. Washington v. Cambra, No. C 95-3216 THE, Slip Op. at 4 (N.D. Cal. August 27, 1996) (TB test conducted twelve weeks after previous test did not violate Fourteenth Amendment). For this reason, the court will recommend that defendant Acayan be granted summary judgment with respect to plaintiff's Fourteenth Amendment claim against her.

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment (#46) be granted and denied as follows:

    A. Denied with respect to defendants' motion regarding plaintiff's claims against defendant Franks;

    B. Granted with respect to plaintiff's claims against defendant Dunn, resulting in defendant Dunn being dismissed from this action; and

    C. Granted with respect to plaintiff's claims against defendant Acayan, resulting in defendant Acayan being dismissed from this action.

2. Plaintiff be ordered to file his pretrial statement within twenty days of any adoption of these findings and recommendations, and defendant Franks be ordered to file his pretrial statement within twenty days of service of plaintiff's statement.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2 shall be served and filed within ten days after service of the objections.  The parties are advised
3 that failure to file objections within the specified time may waive the right to appeal the District
4 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 3, 2009.

_____
U.S. MAGISTRATE JUDGE

---

[1] stew0469.57